**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTATE OF ALAN KOSAKOFF, by its personal representative Harold Kosakoff; et al., | No. 10-55765 |
| Plaintiffs - Appellees, | D.C. No. 3:08-cv-01819-IEG-NLS |
| v. | MEMORANDUM* |
| CITY OF SAN DIEGO, a municipal corporation; et al., | |
| Defendants - Appellants, | |
| and | |
| DOES, 1-100 inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted November 10, 2011
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and REINHARDT, Circuit Judges, and HUDSON, District Judge.[**]

Defendants appeal the district court's decision to deny summary judgment on the basis of qualified immunity to Officers Lenahan and Douglas. "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Exercising our jurisdiction to review questions of law, we affirm.

To a large degree, Defendants' argument asks us to review "the sufficiency of the evidence supporting the trial court's conclusion that an issue of fact exists," which we lack jurisdiction to do. *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001) (per curiam). We deny Plaintiffs' motion to dismiss for lack of jurisdiction, because Defendants do raise questions of law that we have jurisdiction to decide. But we cannot consider Defendants' arguments to the extent that they challenge the district court's determination of what facts a reasonable jury could find.

As to the legal issues within our jurisdiction, we review de novo. *Watkins v. City of Oakland*, 145 F.3d 1087, 1092 (9th Cir. 1998). We must address two questions as to each of Plaintiffs' claims. First, "[t]aken in the light most favorable to the party

---

[**] The Honorable Henry E. Hudson, U.S. District Judge for the Eastern District of Virginia, sitting by designation.

asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Second, was the right clearly established? *Id.* We answer these questions in the affirmative for both claims.

## I.      Fourth Amendment Claim

"An officer's use of deadly force is reasonable only if 'the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.'" *Scott v. Henrich*, 39 F.3d 912, 914 (9th Cir. 1994) (quoting *Tennessee v. Garner*, 471 U.S. 1, 3 (1985)) (emphasis omitted). Plaintiffs have put forward evidence on the basis of which a reasonable jury could conclude that Officers Lenahan and Douglas used deadly force without "probable cause to believe that [Kosakoff] pose[d] a significant threat of death or serious physical injury," *Garner*, 471 U.S. at 3. A jury must resolve the factual disputes and determine whether the force used by the officers was excessive. *See Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002).

Plaintiffs have also shown that the rights in question were clearly established. It is not enough that an officer have been on notice of an abstract legal standard. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). But "in an obvious case, [general] standards can 'clearly establish' the answer, even without a body of relevant case

3

law." *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (per curiam); *see also Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011). We agree with the district court that, viewing the facts in the light most favorable to Plaintiffs, this is such a case, one that is similar to at least two of our precedents. *See Acosta v. City and County of San Francisco*, 83 F.3d 1143 (9th Cir. 1996); *Adams v. Speers*, 473 F.3d 989 (9th Cir. 2007). If a jury were to find that Officers Lenahan and Douglas had violated Kosakoff's rights by shooting at him while he posed no significant threat, there is little question that the violation would be "obvious" as a matter of law.

## II.    Fourteenth Amendment Claim

With respect to the Fourteenth Amendment claim, "the cognizable level of executive abuse of power" is "that which shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Depending on the circumstances, plaintiffs may establish a Fourteenth Amendment violation by showing that the officers "acted with deliberate indifference" or by showing that they "acted with a purpose to harm" the suspect. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (emphasis omitted). We need not determine which of these standards applies here, because a reasonable jury could conclude that Officers Lenahan and Douglas violated the Fourteenth Amendment even under the more stringent purpose-to-harm standard. Under *Porter*, a jury may consider the manner in which officers needlessly caused a

4

confrontation to escalate in determining whether the officers acted with a purpose to harm. *See id.* at 1141-42. Again, the relevant facts regarding this question are in dispute and for purposes of considering qualified immunity must be presumed to be those offered by the non-moving party. *See Saucier*, 533 U.S. at 201.

The Fourteenth Amendment rights in question were clearly established. At the time of Kosakoff's shooting, it had long been the law that an "abuse of power" by law enforcement officers could give rise to a Fourteenth Amendment claim when it "shock[ed] the conscience," *Lewis*, 523 U.S. at 846, and that—even in a rapidly changing situation—"a purpose to cause harm unrelated to the legitimate object of arrest" could "satisfy the element of arbitrary conduct shocking to the conscience," *id.* at 836. To enunciate the right is to answer whether it is clearly established: if a jury finds that an officer's conduct is so egregious as to *shock the conscience*, the officer cannot reasonably have believed the conduct to be legal.

The district court's denial of qualified immunity is therefore **AFFIRMED**.